**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-669C
(Filed: September 19, 2016)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JUAN MANUEL SAHAGUN PELAYO,

    *Plaintiff,*

v.

THE UNITED STATES,

    *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

FILED
SEP 19 2016
U.S. COURT OF
FEDERAL CLAIMS

## ORDER

Plaintiff, appearing *pro se*, filed a complaint and a motion for leave to proceed *in forma pauperis* on June 7, 2016.[1] Plaintiff's complaint centers around his belief that he is unlawfully incarcerated against his will. Pending is defendant's motion to dismiss on jurisdictional grounds. It is fully briefed and oral argument is deemed unnecessary. For the reasons set out below, defendant's motion is granted.

Jurisdiction is a threshold matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Although plaintiff is appearing *pro se*, and *pro se* litigants are afforded latitude, that cannot excuse jurisdictional failings. *See Kelly v. U.S. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("a court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for pro se litigants only"). It is well settled that the United States is the only proper defendant in the United States Court of Federal Claims. *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). Accordingly, this court does

---

[1] For good cause shown, we grant the motion to proceed *in forma pauperis*.

not have jurisdiction over the individuals listed in the complaint.

Additionally, none of the statutes or Constitutional provisions plaintiff relies on can be heard in this court. Plaintiff argues that this court has jurisdiction pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961–68 (2012) ("RICO"), and the Civil Rights Act of 1871, 42 U.S.C. § 1983 (2012). We do not. Civil actions under RICO brought in federal court are within the exclusive jurisdiction of the United States District Courts. *See Stanwyck v. United States*, 127 Fed.Cl. 308 (2016). Plaintiff's claims based on the Civil Rights Act also do not fall within the limited ability of this court to entertain suits against the United States. *See Jefferson v. United States*, 104 Fed. Cl. 81, 89 (2012) ("[T]he court does not have subject matter jurisdiction over actions arising under sections of the Civil Rights Acts, including 42 U.S.C. § 1983 . . . .").

This court lacks jurisdiction over any claims raised by plaintiff's complaint. Accordingly, the complaint must be dismissed for lack of jurisdiction. We also find this action to be frivolous and intend this order to count as a "strike" against the plaintiff under 28 U.S.C. § 1915(g). We note also that plaintiff attempted to file an "Emergency Notice," received by the clerk's office on July 26, 2016. There is no provision in this court's rules permitting plaintiff to file an "Emergency Notice," and the motion to dismiss was already fully briefed when it was received. The Clerk of Court is directed to return the "Emergency Notice" to plaintiff unfiled and dismiss the complaint without prejudice. The Clerk of Court is directed to enter judgment accordingly. No costs.

ERIC G. BRUGGINK
Judge